# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| JERRY DEWAYNE WALKER, ) | |
|     ID # 10086765, ) | |
|         Plaintiff, ) | |
| vs. ) | No. 3:11-CV-0167-O-BH |
| ) | |
| C. ROSS, et al., ) | |
|         Defendants. ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be **STAYED**.

## I. BACKGROUND

Plaintiff, a pretrial detainee in the Dallas County Jail, filed this suit under 42 U.S.C. § 1983 on January 26, 2011, against Sergeant C. Ross and Officer C. Barnes of the Dallas Police Department. (Compl. at 1, 3; Magistrate Judge's Questionnaire (MJQ), Ans. 1, 2 and 4[1]). He claims that either Sergeant Ross or Officer Barnes pointed a gun at him on November 19, 2010, and forced him to write and sign a statement admitting that he possessed marijuana and pills. (Compl. at 3-4; MJQ Ans. 4). Plaintiff has two current criminal proceedings pending against him that stem from his November of 2010 arrest: a misdemeanor charge for possession of marijuana and a felony charge for possession of a controlled substance. (MJQ Ans. 1, 2); *see also* www.dallascounty.org, search for Cause Nos. F-1063000, MB1067722). The felony case against Plaintiff is set for trial on July 25, 2011. (www.dallascounty.org, search for Cause No. F-1063000). Plaintiff seeks monetary damages "for mental anguish, pain and suffering, emotional distress, loss of wages, relocation cost,

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

business start up cost, back owed child support, court fees and filing fees" (MJQ Ans. 6). No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Plaintiff is a prisoner[2] who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from a governmental entity and an officer or employee of such an entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if found to be frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## III.  SECTION 1983

Plaintiff seeks monetary relief under 42 U.S.C. § 1983 for alleged acts and/or omissions

---

[2] Sections 1915(h) and 1915A(c) define prisoner as including individuals "detained in any facility who is accused of . . . violations of criminal law."

2

related to alleged excessive force by one of the defendants, used to coerce him to give a statement. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), courts must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck* does not extend to pending criminal matters, however. *See Wallace v. Kato*, 127 S. Ct. 1091, 1098 (2007). Nevertheless, when *Heck* may have future implications in a particular case, the civil case should be stayed "until the criminal case or the likelihood of a criminal case is ended." *See id.*; *accord Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995); *Brown v. Taylor*, 139 Fed. App'x 613, 613 (5th Cir. 2005) (per curiam). To determine whether *Heck* may apply in the future, courts consider the nature of the pending charges and of the civil claims asserted. *Banks v. Gammon*, No. 3:08-cv-0474-K, 2008 WL 2404967 at *3 (N.D.Tex. June 9, 2008) (accepting findings and recommendation of magistrate judge); *Arnold v. Town of Slaughter*, 2004 WL 1336637 at *2 (5th Cir. June 14, 2004) (citing *Hudson v. Hughes,* 98 F.3d 868, 872-73 (5th Cir. 1996)).

Here, Plaintiff has not yet been convicted on the charges pending against him, so *Heck* does not apply at this time. He seeks monetary relief for being allegedly forced at gunpoint by one of the defendants to write and sign a confession admitting to possession of illegal controlled substances, for which he is facing charges. If he is convicted of these charges, *Heck* may bar his claim. *See*

3

*Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (stating that a ruling that a statement concerning pending charges was coerced would necessarily imply the invalidity of the convictions). Because *Heck* may apply to his claims after the criminal charges are resolved, this suit should be stayed.

## IV. RECOMMENDATION

Plaintiff's complaint should be **STAYED**. The Clerk of the Court should be **DIRECTED** to mark this action **CLOSED** for statistical purposes. The Court should retain jurisdiction and order that the case may be reopened on motion of Plaintiff after the pending state criminal charges are resolved. The motion should be ordered filed within the statutory period of limitations for Plaintiff's claim or within sixty days of the date the criminal charges are resolved, whichever date is later.

**SIGNED this 23rd day of April, 2011.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE